**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 28 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| SANTOS NELSON ECHEVERRIA, AKA Santos Nelson Echevaria, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 13-72554 Agency No. A088-928-365 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2015**

Before:     CANBY, BEA, and MURGUIA, Circuit Judges.

Santos Nelson Echeverria, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's denial of CAT relief because Echeverria failed to establish it is more likely than not he would be tortured at the instigation of or with the acquiescence of the government if returned to El Salvador. *See id.* at 1073. We reject Echeverria's contention that the agency's consideration of his CAT claim was insufficient. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).

In denying asylum and withholding of removal, however, the agency found Echeverria failed to establish past persecution or a fear of future persecution on account of a protected ground. When the IJ and BIA issued their decisions in this case, they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Echeverria's asylum and withholding of removal claims to determine the impact, if any, of these

decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). In light of this remand, we do not reach Echeverria's remaining challenges to the agency's denial of his asylum and withholding of removal claims.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**